IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00811-BNB

DAVID ANTHONY McKINNEY,

Plaintiff,

v.

SARA M. REVELL,
SECURITY GUARD APOSTOLOV, and
SECURITY GUARD TRAP,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 2 2009

GREGORY C. LANGHAM
CLERK

ORDER

Plaintiff, David Anthony McKinney, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. McKinney initiated this action by filing *pro se* two motions seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. In an order filed on April 9, 2009, the court directed Mr. McKinney to cure certain deficiencies if he wishes to pursue his claims in this action. In particular, the court ordered Mr. McKinney to file his complaint on the proper form and to submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint in support of his request to proceed *in forma pauperis*. On May 6, 2009, the court granted Mr. McKinney an extension of time to cure the deficiencies.

On May 15, 2009, Mr. McKinney filed "Plaintiff's Motion Requesting that the Court Order the Warden of United States Florence Prison to 'Stop Denying' Plaintiff Access to the Court." Mr. McKinney alleges in the May 15 motion that his legal property

was taken from him on April 8, 2009, and has not been returned to him. Mr. McKinney further alleges in the May 15 motion that he cannot cure the deficiencies in this action without his legal property. Mr. McKinney does not specify in the May 15 motion what he needs from his legal property in order to cure the deficiencies in this action.

On June 10, 2009, Mr. McKinney filed "Plaintiff's Motion to Compel Warden to Return Plaintiff's Legal Property . . . Denied Access to Court by Warden." Mr. McKinney again alleges in the June 10 motion that his legal property was taken from him on April 8, 2009, and that he cannot cure the deficiencies in this action without access to his legal property. Mr. McKinney asserts in the June 10 motion that his legal property "has his notes, documents, papers, etc. . ." (Mot. filed June 10, 2009, at 6.) He apparently believes he needs his legal property in order to avoid giving "possible 'false and incorrect information' concerning the 'Complaint' and the 'Events' surrounding the Issue at Bar." (*Id.*)

The Court is not persuaded that Mr. McKinney cannot cure the deficiencies in this action without access to his legal property. As noted above, the only deficiencies in this action are Mr. McKinney's failure to use the proper complaint form and his failure to provide a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. Mr. McKinney does not allege that he needs access to his legal property in order to obtain a certified copy of his inmate trust fund account statement from the proper prison official. Furthermore, the court will provide Mr. McKinney with a copy of his original Prisoner Complaint filed in this action on April 9, 2009, in order to facilitate his efforts to file an amended complaint on the proper complaint form. Therefore, the motions filed by Mr. McKinney on May 15

and June 10 will be denied and Mr. McKinney will be directed to cure the deficiencies in this action within thirty days if he wishes to pursue his claims. Accordingly, it is

ORDERED that "Plaintiff's Motion Requesting that the Court Order the Warden of United States Florence Prison to 'Stop Denying' Plaintiff Access to the Court" filed on May 15, 2009, and "Plaintiff's Motion to Compel Warden to Return Plaintiff's Legal Property . . . Denied Access to Court by Warden" filed on June 10, 2009, are denied. It is

FURTHER ORDERED that Plaintiff cure the deficiencies in this action within **thirty (30) days from the date of this order** if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Plaintiff, together with a copy of this order, a copy of the Prisoner Complaint filed in this action on April 9, 2009, and two copies of the court's current Prisoner Complaint form.

DATED June 12, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00811-BNB

David Anthony McKinney
Reg. No. 15465-057
USP - Florence
PO Box 7000
Florence, CO 81226-7000

I hereby certify that I have mailed a copy of the **ORDER, a copy of the Prisoner Complaint file 4/9/09, and two copies of the Prisoner Complaint form** to the above-named individuals on 6/12/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk