IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00811-BNB

DAVID ANTHONY McKINNEY,

Plaintiff,

v.

SARA M. REVELL,
SECURITY GUARD APOSTOLOV, and
SECURITY GUARD TRAP,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 1 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER OF DISMISSAL

Plaintiff David Anthony McKinney initiated this action by filing *pro se* two motions

seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and a

Prisoner Complaint.  In an order filed on April 9, 2009, Magistrate Judge Boyd N.

Boland directed the clerk of the Court to commence a civil action and directed Mr.

McKinney to cure certain deficiencies if he wished to pursue his claims.  More

specifically, Magistrate Judge Boland ordered Mr. McKinney to submit a certified copy

of his inmate trust fund account statement for the six-month period immediately

preceding the filing of the complaint in support of the motion to proceed *in forma*

*pauperis* and to file his complaint on the proper form.  Mr. McKinney was warned that

the action would be dismissed without further notice if he failed to cure the deficiencies

within thirty days.  On May 6, 2009, Magistrate Judge Boland entered a minute order

granting Mr. McKinney's request for an extension of time to cure the deficiencies.

On May 15, 2009, and June 10, 2009, Mr. McKinney filed motions seeking a court order directing the prison warden to return Mr. McKinney's legal property so that he could cure the deficiencies in this action. On June 12, 2009, Magistrate Judge Boland entered an order denying the May 15 and June 10 motions because Mr. McKinney failed to demonstrate that he needed access to his legal property in order to provide a certified copy of his inmate trust fund account statement and to resubmit his complaint on the proper form. Therefore, Magistrate Judge Boland again ordered Mr. McKinney to cure the deficiencies within thirty days if he wished to pursue his claims. Magistrate Judge Boland also provided Mr. McKinney with a copy of the Prisoner Complaint filed in this action in order to facilitate the filing of an amended pleading on the proper form.

On June 30, 2009, Mr. McKinney filed a "Motion to Compel Warden to Return Plaintiff's Legal Property, Eye Ware [sic], etc. . . ." Mr. McKinney alleges in the June 30 motion that he cannot read fine print, including the words on the court forms he has been directed to complete, without his glasses and that he needs the materials in his legal property in order to properly litigate this case. The June 30 motion will be denied.

Mr. McKinney does not explain in the June 30 motion why he does not have his glasses. However, he alleges in "Plaintiff's Response to Judge's Court Order," which was filed in this action on May 5, 2009, that he was separated from his personal property, including his glasses, on April 8, 2009, when he was placed in the special housing unit. Mr. McKinney also fails to explain in the June 30 motion why he needs his glasses in order to cure the deficiencies. Because Mr. McKinney has managed to file a number of motions in this action following his separation from his glasses, it is not

2

clear why he is unable to resubmit his complaint on the proper form. Furthermore, even if Mr. McKinney is unable to complete and resubmit an amended pleading on the proper form, there is no indication that he needs his glasses in order to submit a certified copy of his inmate trust fund account statement in support of his motion for leave to proceed *in forma pauperis* as required pursuant to 28 U.S.C. § 1915(a)(2). Finally, even if Mr. McKinney needs his legal property to properly litigate this action, he fails to demonstrate that he needs his legal property to cure the deficiencies in this action. Therefore, the Court finds that this action is subject to dismissal for failure to cure the deficiencies within the time allowed.

The Court also finds that Mr. McKinney's claim in the Prisoner Complaint filed on April 9, 2009, is legally frivolous. Because the Court will review the merits of Mr. McKinney's claim, he will be granted leave to proceed *in forma pauperis* and he will be directed to make monthly filing fee payments until the $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1), (2).

The Court must construe the Prisoner Complaint liberally because Mr. McKinney is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

3

Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the Prisoner Complaint if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Mr. McKinney asserts one claim in the Prisoner Complaint based on the loss of his personal property. He specifically alleges that on February 18, 2008, when he was transferred to the special housing unit, his personal property was removed from his cell and packaged and inventoried by Security Guard Apostolov. However, Mr. McKinney further alleges that his personal property was not received by Security Guard Trap, the special housing unit property officer. As a result, Mr. McKinney maintains that his property rights were violated and he seeks either the return of his personal property or damages for the loss of his personal property.

Mr. McKinney asserts his claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In order to succeed in a *Bivens* action, Mr. McKinney must demonstrate that federal officials violated his rights under the United States Constitution while acting under color of federal law. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). The Court will construe Mr. McKinney's claim as a due process claim because the United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).

Mr. McKinney clearly alleges that he was deprived of his personal property by federal prison officials. However, he does not allege that Defendants acted intentionally

4

to deprive him of his property.  Because Mr. McKinney does not allege, and there is no indication in the complaint, that the loss of his personal property was the result of anything other than mere negligence, there is no constitutional violation.  ***See Daniels v. Williams***, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a ***negligent*** act of an official causing unintended loss of or injury to life, liberty, or property").  Therefore, Mr. McKinney's constitutional claim in this action is legally frivolous.  Accordingly, it is

ORDERED that the "Motion to Compel Warden to Return Plaintiff's Legal Property, Eye Ware [sic], etc. . . ." filed on June 30, 2009, is denied.  It is

FURTHER ORDERED that the motions seeking leave to proceed ***in forma pauperis*** pursuant to 28 U.S.C. § 1915 filed on April 2, 2009, are granted and Mr. McKinney is directed to make monthly filing fee payments in accordance with 28 U.S.C. § 1915(b)(2) until the $350.00 filing fee is paid in full.  It is

FURTHER ORDERED that the Prisoner Complaint and the action are dismissed for failure to cure the deficiencies and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.

DATED at Denver, Colorado, this 31 day of _____ July _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00811-BNB

David Anthony McKinney
Reg. No. 15465-057
USP - Florence
PO Box 7000
Florence, CO 81226-7000

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/31/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk